UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MITCHELL WHITE

    Plaintiff,

  v.                                  ORDER

GUY HALL; MAX WILLIAMS;        Civil No. 07-1574-AC
MR. THOMPSON, Food Services Mgr, TRCI;
MR. HALL, Food Services, TRCI;
LIGHTBARN, Food Services, TRCI;
MS. WHELAN, Health Services, TRCI;
HERNANDEZ, Medical Nurse; DR. LIDOL,

    Defendants.

HAGGERTY, District Judge:

    Magistrate Judge Acosta referred to this court a Findings and Recommendation [31] in this matter. The Findings and Recommendation recommends granting defendants' Motion to Dismiss [22]. Plaintiff, representing himself *pro se*, filed timely objections. After this matter

1    - ORDER

was referred by the Magistrate, plaintiff filed an untimely brief entitled Plaintiff's Motion To Object To Defendants['] Recommendation To Dismiss Plaintiff[']s Motion To Strike False Affidavit/False Certification And Submition [sic] of Evidence (Pl.'s Mot. to Object) [43]. This court has performed a *de novo* review, evaluated the Findings and Recommendation, both sets of plaintiff's objections, and the entire record. For the reasons provided, this court adopts the Findings and Recommendation.

## DISCUSSION

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff alleges that defendants violated his rights to due process and equal protection by: (1) denying him progressive discipline regarding a work assignment failure; (2) failing to transfer him to a minimum security facility; and (3) denying him proper medical treatment after he injured his toe. The Findings and Recommendation concluded that plaintiff's claims were barred because he did not fully exhaust the remedies afforded him by the Oregon Department of Corrections' (DOC) grievance process.

As discussed in the Findings and Recommendation, plaintiff initially grieved the first incident – the program failure report – but did not properly appeal his grievance after it was denied. Findings and Recommendation at 3. Plaintiff initially grieved the third incident – inadequate medical care – but elected to pursue tort remedies rather than utilize the appeal process. *Id*. at 4. Although plaintiff contends that he properly grieved both claims before pursuing litigation, the objections simply restate arguments that were considered and properly rejected in the Findings and Recommendation.

Plaintiff's second claim – the alleged failure of the Oregon DOC to transfer him to a

2    - ORDER

different facility – merits further discussion.  Plaintiff argues that the Findings and Recommendation erroneously concluded that inmates must appeal housing assignments via the grievance process.  Plaintiff asserts that this "is not a[n] issue that can be rectified or de[a]lt with by the inmate grievance system" and must, instead, be resolved through the DOC's classification and transfer process.  Pl.'s Mot. to Object at 3.  In support of this argument, plaintiff points out that the DOC's grievance system prohibits an inmate from grieving actions for which there is a "separate internal department appeal or review process," including those involving "classification issues."  Oregon Administrative Rules (OAR) 291-109-0140(3)(b).  Because OAR 291-104-0135 establishes a separate review process for classification actions, plaintiff contends that the failure to grieve his housing assignment claim should not bar that claim's subsequent litigation.

  Plaintiff's argument is unpersuasive.  Oregon Administrative Rules 291-104-0135(2) specifies that the only classification issues subject to administrative review are the "accuracy of Classification 1-4 scoring, an override of a scored custody level, and a Level 5 custody classification."  Plaintiff, however, is contesting the DOC's failure to transfer him to a different facility and not the accuracy of the underlying classification.  At the time he sought transfer to a different facility, plaintiff was classified as a "minimum" prisoner.  Plaintiff has not asserted that this "minimum" custody level was inaccurate; rather, plaintiff's complaint was that he was not reassigned to a minimum security facility consistent with his "minimum" classification.  Therefore, plaintiff has not raised one of the "classification issues" for which OAR 291-104-0135 provides a separate review process.

  Assuming *arguendo* that plaintiff could not grieve his housing assignment using the normal grievance process, his claim still fails.  There is no evidence that plaintiff was treated differently than similarly situated people, a prerequisite for establishing an Equal Protection

3  - ORDER

Clause claim. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (observing that the Equal Protection Clause commands that no state shall deny any person the equal protection of the laws, "which is essentially a direction that all persons similarly situated should be treated alike.").

Furthermore, plaintiff cannot establish a procedural due process claim because a housing assignment is not a "liberty or property interest protected by the Constitution." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (outlining the three elements that must be met to establish a § 1983 claim). The Supreme Court has held that there is no constitutional right to incarceration in a particular prison. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons."); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (recognizing the rule expressed in *Meachum* and observing that "prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility."). Although a state statute or regulation can create a liberty interest by restricting official discretion, no such restriction is apparent here. *See*, *e.g.*, Oregon Revised Statutes § 137.124(3) (stating that the DOC "*may* transfer inmates from one correctional facility to another such facility . . . as best seems to fit the needs of the inmate and for the protection and welfare of the community and the inmate.") (emphasis added). In fact, plaintiff was warned by a DOC employee that housing moves were discretionary and "done according to institutional need." Pl.'s Mot. to Object at 9 (Inmate Communication Form dated September 23, 2007). Because plaintiff cannot establish that his requested transfer to a different facility implicates a liberty interest protected by the United States Constitution, this court concludes that there is no legal basis for plaintiff's claim.

4      - ORDER

## **CONCLUSION**

The court adopts the Findings and Recommendation [31]. For the reasons set forth above and in the accompanying Findings and Recommendation, defendants' Motion to Dismiss [22] is GRANTED.

IT IS SO ORDERED.

DATED this  6   day of March, 2009.

                                                 /s/ Ancer L. Haggerty          
                                                       Ancer L. Haggerty  
                                              United States District Judge